CARRIE A. BASSETT, RESPONDENT, *v.* WILLIAM A. FISH
AND OTHERS, TRUSTEES, ETC., APPELLANTS.

*Chap.* 555 *of* 1864— *Trustees of union free schools—personally liable for allowing schools to get out of repair.*

The trustees of the union free schools, created by title 9 of chapter 555 of 1864, are public officers, and as the duty is imposed upon them of keeping in repair the schools under their charge, and as they are provided with the means of obtaining the necessary funds for that purpose, they are personally individually liable to any person for the special damages he has sustained, by reason of any negligence or omission on their part so to do. (MERWIN, J., dissenting.)

APPEAL by defendants from an order made at Special Term denying a motion for a new trial made upon a case and exceptions.

The nine defendants were trustees of "The Board of Education of the Gowanda Union Free School." The action is brought by the plaintiff against them, individually, to recover for damages claimed to have been sustained by the plaintiff in stepping through a hole in the floor of the school room, while she was engaged in teaching therein, in April, 1874; the plaintiff claiming that it was the duty of the defendants to keep the floor in repair, and that they were personally liable for their negligence in allowing the same to be out of repair.

*C. C. Torrence,* for the appellants

*W. Woodbury,* for the respondent.

TALCOTT, J.:
This is an appeal from the order of the Special Term in Erie county, denying a motion for a new trial on a case and exceptions.

The action is to recover of the defendants for negligence in suffering the building of the union school of Gowanda to be out of repair, whereby the plaintiff fell through a hole in the floor of one of the recitation rooms of said school and was severely injured.

The principal question presented on this appeal is, as to whether the defendants are liable at all in consequence of such negligence,

the appellants insisting that the union school is a corporation, and the corporation in its corporate capacity should be sued and not the trustees individually. The said union school was established under title 9 of the act chapter 555 of 1864, which authorizes the establishment of union free schools, and by which the trustees thereof are denominated a board of education, and by which certain corporate powers are conferred upon such board. By section 13, of said title 9, subdivision 11, it is provided that the trustees of such union free schools, when organized under the act, "shall possess all the powers and privileges and *be subject* to all the duties in respect to the common schools or the common school departments in any union free school in said districts, which the trustees of common schools now possess or are subject to. * * *." Sections 15, 16 and 17 provide that the board so constituted, may levy taxes for the payment of teachers' wages, and for ordinary contingent expenses, and if the district meeting shall refuse or neglect to vote such tax, the board may in the manner therein provided cause the same to be levied, the same as though the tax had been voted by the inhabitants of the district.

The powers conferred and the duties imposed upon the trustees of common schools are, among others, as stated in section 49, subdivision 5, of the seventh title and sixth article of said act (Laws of 1864, chap. 555), "to purchase or lease a site for the district schoolhouse or school-houses as designated by a meeting of the district, and to hire, build or purchase such school-house as may·be so designated, and to keep in repair and furnish such school-house * * *." Thus it appears that the duty of keeping such school houses under their charge in repair, is imposed upon the said board of education or trustees, and they are provided with the means of obtaining ample funds for such purpose by taxation.

That they are public officers will scarcely be denied. The liability of the defendants as public officers for negligence in the performance of their duties, to a party who has sustained special damage by reason of such negligence or omission, though sometimes questioned, may be considered to be settled in this State. (*Adsit* v. *Brady*, 4 Hill, 630; *Robinson* v. *Chamberlain*, 34 N. Y., 389, 390; *Hover* v. *Barkhoof*, 44 id., 113; *McCarthy* v. *The City of Syracuse*, 46 id., 194; *Clark* v. *Miller*, 54 id., 528.)

It was distinctly held by the Court of Appeals in *McCarthy* v.

*The City of Syracuse (supra),* that "when the duty is imposed by law upon a public officer,   *   *   *   of keeping a structure in repair, it involves the exercise of a reasonable degree of watchfulness in ascertaining the condition of such structure from time to time, and when this is omitted, such officer   *   *   *   is liable for damages resulting from a dilapidation of the structure which is an ordinary result of its use, and which would have been disclosed on examination. *No notice to the defendant is necessary* in such case to fix the liability." The doctrine thus enunciated seems to afford an answer to the objection, that the defect in the floor was not shown to be known to certain of the defendants. The duty to repair is imposed by the statute upon the trustees, and from their neglect to perform this duty it would seem they are liable, as the particular dilapidation would have been obvious upon examination, and their omission to make such examination was their own neglect.

It is not necessary to discuss the question whether this action might have been maintained against the board of education of the union free school of Gowanda, "as a *quasi* corporation, inasmuch as the duty of keeping this structure in repair is expressly imposed upon the trustees, and according to the authorities above referred to, they are individually liable for the non-discharge of such duty. It is claimed that the evidence shows that the defendants had delegated to one of their number, one Forbush, a carpenter and joiner by trade, the duty of seeing to the small repairs of the schoolhouse, and that the negligence if any, was that of Forbush, who had attempted to repair this hole in the floor of the recitation room, but had done it in an insufficient and insecure manner. That Forbush was for that purpose a servant of the other defendants and that the plaintiff, a teacher in the school was also one of the servants of the defendants, and that the plaintiff was debarred from a right to recover, upon the principle that there can be no recovery against the common employer for damages sustained by a servant through the neglect or unskillfulness of another servant of the same employer.

It does not seem to be necessary to discuss this question, as the case does not show that any such question was raised on the trial.

There is one exception taken to the charge of the court, which is not given in full, and must be presumed to have been in all other respects unobjectionable. The defendants' counsel requested the judge to

instruct the jury "that if the plaintiff knew it (the hole) was there, she was guilty of negligence and cannot recover." In answer to this the court charged "that it would not follow that because the plaintiff knew the hole was there, that she was careless or negligent in getting into it; that the performance of her duties may have so engrossed her attention as to have diverted it at the time from the existence of the hole, even if she knew it was there; whether that was the case or not is for the jury to determine from the evidence before them."

The defendants excepted to so much of the charge as instructed the jury that "it would not follow because the plaintiff knew the hole was there, that she was careless and negligent in getting into it."

This exception merely raises the question, whether knowledge on the part of the plaintiff of the existence of the hole, of itself, and as a matter of law, was conclusive of her negligence. We think such a proposition cannot be maintained, and that the question of concurring negligence on the part of the plaintiff was properly a question for the jury upon all the evidence.

Judgment affirmed.

SMITH, J., concurred.

MERWIN, J., dissented, on the ground that the duty of repair was on the corporation, and not on the trustees individually

Order denying new trial affirmed.